

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0303-10

### GERARDO LUJAN, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

El Paso County deputy sheriffs set up a checkpoint, ostensibly to target uninsured and unlicensed drivers. That claim is undermined by the presence of a drug dog at a checkpoint near the Mexican border and I-10, a known route for drug transport. Drug dogs are trained to detect the presence of illegal drugs; they are less useful for sniffing out expired driver's licenses. Mere membership in the assigned unit does not adequately explain the dog's presence. The assigned unit was not a traffic unit; as the majority notes, it had multiple duties, including racing prevention, DWI, traffic enforcement, and, notably, narcotics. The deputies' regular responsibilities and specialized

training were not relevant to a checkpoint for only licenses and insurance, and if the checkpoint were truly for only licenses and insurance, the dog would be a valuable resource wasted and better used at a location where its specialized skills were in demand. I agree with the court of appeals that the checkpoint was a subterfuge for general criminal enforcement.

That said, appellant did not have a driver's license and was therefore subject to arrest. His passenger had no identification, but did have outstanding warrants, and he was arrested. The checkpoint was in an area known for drug transport. Appellant and his passenger had different stories about where they had been. Appellant was extremely nervous. The deputy patted appellant down, an appropriate action when an arrest is possible and even more appropriate when circumstances and training would reasonably alert an officer that things were not as they might appear to be. The pat-down revealed a large amount of cash. The circumstances, as a whole, gave rise to reasonable suspicion that criminal activity, specifically drug transport, was afoot.

And appellant gave permission to search his car. Even without the alert from the drug dog, the drugs were very likely to be found. Law officers know that door panels are a popular location for contraband and could have manually investigated the possibility pursuant to the consent to search. Further, appellant was subject to arrest for lack of a driver's license, and his passenger was under arrest. Whether the deputy arrested appellant for lack of a license or possession of controlled substances after a manual search of the car, no one would have been available to take possession of the car, and the car would have been impounded, leading to an inventory search or a dog sniff at the impound lot.

Because I think that the drugs would have been discovered without the dog's alert, I concur in the judgment of the Court.

Filed: January 12, 2011
Publish